UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DANIEL C. OTT, JR., ) | CASE NO. 5:12 CV 1970 |
| ) | |
| Petitioner, ) | JUDGE DAVID A. KATZ |
| ) | |
| v. ) | |
| ) | OPINION AND ORDER |
| MAGGIE BRADSHAW, ) | |
| ) | |
| Respondent. ) | |

On July 31, 2012, petitioner *pro se* Daniel C. Ott, Jr. filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. Ott seeks to challenge his 2007 conviction in the Portage County Court of Common Plea for retaliation. As grounds for the petition, he asserts his appellate counsel was ineffective and that his conviction was not supported by sufficient evidence.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state court remedies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam);
*Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994).

The petition reflects that Ott filed an unsuccessful direct appeal from his conviction, in which he did raise the sufficiency of evidence claim, but his conviction was affirmed by the Ohio Court of Appeals in 2008. *See*, *State v. Ott*, No. 2007-P-0093, 2008 WL 3270899 (Portage.Cty.App. Aug.8, 2008). A 2012 delayed direct appeal motion to the Ohio Supreme Court was denied. *State v. Ott*, 131 Ohio St.3d 1471 (Jan. 24, 2012). Ott also filed an Ohio App.R. 26(B) application to reopen his appeal in 2012, seeking to raised his ineffective assistance of appellate counsel claim, but the application was denied as untimely. *See, State v. Ott*, No. 2012-P-0010, 2012 WL 4479264 at ¶ 33 (Portage Cty App. Sept. 28, 2012).

Although the petition is silent concerning the reason Ott's motion for delayed direct

appeal was denied by the Ohio Supreme Court, this court must assume the motion - filed three and a half years after his conviction was affirmed by the Ohio Court of Appeals - was denied because he failed to make the requisite showing of adequate reasons for the delay or otherwise failed to comply with Ohio Sup.Ct. R. II(2)(A)(4)(a). *See, Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). Further, as already noted, his 2012 application to reopen was denied as untimely. Thus, Ott was procedurally barred from raising in the state court the grounds sought to be raised herein.

If a procedural bar in the state court exists, this court will not consider the claims unless petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to him. *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991)(citing *Murray v Carrier*, 477 U.S. 478, 488 (1986)); *see also, Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). No such showing is reasonably suggested by the petition.

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

    s/ *David A. Katz  10/19/12*
DAVID A. KATZ
U. S. DISTRICT JUDGE